UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MALCOLM GRAY DADE,<br><br>   Plaintiff,<br><br>v.<br><br>GLA COLLECTION COMPANY, INC.,<br><br>   Defendant. | CIVIL ACTION<br><br>COMPLAINT 4:16-cv-00237<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Now comes MALCOLM GRAY DADE ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of GLA COLLECTION COMPANY, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 58 year old natural person, and is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6. Defendant is a "full service professional collection agency"[1] with its headquarters located in Louisville, Kentucky. Defendant is a third-party debt collector that is in the business of collecting consumer debts for others, including debt allegedly owed by Plaintiff.

7. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

10. Several years ago, Plaintiff's daughter had a dental issue and as a result incurred medical debt. *See* attached Exhibit A is a a true and correct copy of an affidavit signed by Plaintiff.

---

[1] http://www.glacompany.com/about.html

11. In approximately February 2015, Plaintiff began receiving phone calls from Defendant to his cellular phone, (502) XXX-2332.  *See* Exhibit A.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 2332.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. The phone number that Defendant has most frequently used to call Plaintiff from is (502) 267-7522.  *Id.*

14. Upon information and belief, the phone number ending in 7522 is regularly utilized by Defendant to contact consumers during its debt collection activity.

15. During answered calls from Defendant, Plaintiff has experienced a noticeable pause, approximately three to four seconds in length, before a live representative comes on the line.  *Id.*

16. When Plaintiff spoke with Defendant, he was advised that it was acting as a debt collector and was calling for the purpose of collecting on his daughter's medical debt.  *Id.*

17. Initially, Plaintiff instructed Defendant that this was not his debt and tried to work out a solution. *Id.*

18. Upon Defendant's refusal to work with him, Plaintiff demanded that it stop calling his cellular phone. *Id.*

19. Despite his prompts, Defendant has continued to relentlessly call Plaintiff's cellular phone for the purposes of debt collection without his permission. *Id.*

20. Plaintiff has received multiple calls from Defendant after instructing it to cease calling him.  Plaintiff has received phone calls up until at least February 2016. *Id.*

21. Plaintiff has received not less than 30 phone calls from Defendant since asking it to stop calling. *Id.*

22.  Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

23.  Plaintiff has suffered financial loss as a result of Defendant's actions.

24.  With the goal of ending Defendant's conduct, Plaintiff purchased and has maintained an application on his cellular phone to block the calls. *Id.*

25.  Plaintiff has incurred expenses that he would not have otherwise suffered if not for Defendant's calls, including the loss of cellular phone capacity.

26.  Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

27.  Plaintiff has suffered concrete harm as a result of Defendant's actions.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28.  Plaintiff repeats and realleges paragraphs 1 through 27 as though full set forth herein.

   a.  **Violations of the FDCPA §1692c(a)(1) and §1692d**

29.  The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30.  Defendant violated §1692c(a)(1), d and d(5) when it continuously called Plaintiff after being notified to stop.  This repeated behavior of calling Plaintiff's phone at least 30 times after he demanded that it cease was harassing and abusive.  Plaintiff conveyed to Defendant that the debt did not belong to him and demanded not to be contacted further.  The volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

4

31.  Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

   b.  **Violations of the FDCPA § 1692e**

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

32. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Despite being told to cease contacting him, Defendant continued to relentlessly contact Plaintiff via automated calls.  Defendant was notified by Plaintiff that its calls were inconvenient and harassing to him.  Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via automated calls when it no longer had consent.

   c.  **Violations of FDCPA § 1692f**

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."  Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after being notified to stop.  Attempting to coerce Plaintiff into payment by placing voluminous phone calls after being notified to stop calling is unfair and unconscionable behavior.

34. As pled in paragraphs 21 through 27, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, MALCOLM GRAY DADE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

35. Plaintiff repeats and realleges paragraphs 1 through 34 as though fully set forth herein.

36. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

37. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause that Plaintiff experienced during answered calls from Defendant before being connected to a live representative is instructive that an ATDS was being utilized to generate the phone calls. Similarly, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

38. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using

an ATDS without his consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by Plaintiff's demands to cease calling his cellular phone.

39. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

40. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, MALCOLM GRAY DADE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

41. Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

43. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this

> chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

44. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

45. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

46. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

47. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent collection attempts, Defendant has used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified by Plaintiff that he no longer wanted to be contacted since they were unable to work out a solution. Any consent that Defendant *may* have had to contact Plaintiff via an ATDS was revoked. However, Defendant ignored Plaintiff's prompts in an abusive attempt to collect payment from him.

48. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

49. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1)

      three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

50. Defendant's conduct is part of a purposeful and systematic scheme to illegally collect upon unsophisticated consumers who may not be aware of their rights. Defendant's conduct is an incurable deceptive act of which notice would not remedy.

51. Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting him. The fact that Defendant was provided with notice to stop calling and refused to abide by that notice, evidenced by calling Plaintiff at least 30 times after he told it to stop, shows that its behavior is incurable.

52. Upon information and belief, Defendant routinely engages in the above described behavior against consumers in Indiana.

53. As pled in paragraphs 21 through 27, Plaintiff has suffered damages as a result of Defendant's unlawful conduct. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, MALCOLM GRAY DADE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 21, 2016               Respectfully submitted,

                                                  s/ Nathan C. Volheim
                                                  Nathan C. Volheim, Esq. #6302103
                                                  Admitted in the Southern District of Indiana
                                                  Sulaiman Law Group, Ltd.
                                                  900 Jorie Boulevard, Suite 150
                                                  Oak Brook, Illinois 60523
                                                  (630) 575-8181 x113 (phone)
                                                  (630) 575-8188 (fax)
                                                  nvolheim@sulaimanlaw.com